# EXHIBIT C

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/12/2016 10:13:11 AM
JAMIE SMITH
DISTRICT CLERK
D-198977

NO. _____

| | § | |
|---|---|---|
| PRISCILLA STRANGE, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS ADMINISTRATOR OF THE | § | |
| ESTATE OF RODNEY MANUEL | § | |
|    Plaintiff | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | ____ JUDICIAL DISTRICT |
| GEORGE SPEED AND PURCHASING & | § | |
| PARTS SOLUTION CO. INC. | § | |
|    Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PRISCILLA STRANGE, AS ADMINISTRATOR OF THE ESTATE OF

RODNEY MANUEL, hereinafter referred to as "Plaintiff," complaining of and against, GEORGE

SPEED and PURCHASING & PARTS SOLUTION CO. INC., and files this, his Original Petition,

and for cause of action would respectfully show unto the Court the following:

I.
### DISCOVERY CONTROL PLAN

1.01    Discovery is intended to be conducted under Level 3 of the TEXAS RULES OF CIVIL

PROCEDURE 190.4.

II.
### PARTIES, JURISDICTION & VENUE

2.01    Plaintiff, PRISCILLA STRANGE, INDIVIDUALLY AND AS ADMINISTRATOR, OF

THE ESTATE OF RODNEY MANUEL, is an individual and resident of the State of Texas.

2.02    Defendant, GEORGE SPEED (hereinafter "SPEED"), is an individual and can be served

with process at 7 Duke Avenue, Purvis, MS 39475-4003.

2.03    Defendant, PURCHASING & PARTS SOLUTION CO. INC. (hereinafter

"PURCHASING & PARTS"), is Mississippi corporation doing business in the state of Texas and

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

October 10, 2016

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith  Page 1 of 7

may be served with process by serving its president, Charlie Breithaupt at 1609 US Highway 11, Petal, Mississippi 39465.

2.04    Venue is proper in Jefferson County, Texas, pursuant to Article 15.001 *et. seq.* of the Texas Rules of Civil Practice & Remedies Code in that all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Texas.

2.05    This Court has jurisdiction herein in that the amount in controversy is within the jurisdictional requirements of this Court.

### III.
### FACTUAL BACKGROUND

3.01    Plaintiff brings this action to recover damages for injuries sustained by Rodney Manuel as a result of an automobile-pedestrian collision that took place on September 13, 2014 at 4145 Dowlen Road in the parking lot of Wal-Mart in Jefferson County, Texas.  At the time of the occasion in question, Defendant, SPEED was operating a truck in the course and scope of his employment with Defendant, PURCHASING & PARTS.  Rodney Manuel was walking through the designated pedestrian lane in the parking lot and was struck by defendant, SPEED.  Defendant, SPEED was driving recklessly and was intoxicated at the time of the occurrence in question. SPEED's negligent operation of the vehicle and PURCHASING & PARTS' negligent supervision of its employee resulted in the incident in question. SPEED was cited with reckless driving. RODNEY MANUEL sustained severe and permanent injuries as a result incident in question, which ultimately resulted in RODNEY MANUEL's death.  RODNEY MANUEL is survived by his three children, Priscilla Strange, Ramona Manuel, and Rodney Manuel, Jr.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

October 10, 2016

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith Page 2 of 7

2

IV.
## RESPONDEAT SUPERIOR

4.01    At all times relevant hereto, Defendant, SPEED was acting in the course and scope of his

employment with PURCHASING & PARTS for which PURCHASING & PARTS is liable for his

acts and/or omissions.

V.
## FIRST CAUSE OF ACTION:
## NEGLIGENCE, NEGLIGENCE PER SE, AND GROSS NEGLIGENCE OF GEORGE SPEED

5.01    Plaintiff incorporates sections I-IV above.

5.02    At the time and on the occasion in question, Defendant, SPEED was operating a vehicle

negligently.   Defendant, SPEED had a duty to exercise ordinary care and operate the vehicle

reasonably and prudently.    Defendant, SPEED was negligent and proximately caused the

occurrence in question in the following respects:

> a.    Failing to maintain control of his vehicle;
>
> b.    Failing to control his speed;
>
> c.    Operating a motor vehicle while intoxicated;
>
> d.    Failing to exercise due care; and
>
> e.    Failing to pay full attention.

5.03    In addition to his common law duties, Defendant, SPEED also violated various sections of

the Texas Transportation Code:

> § 545.401    Reckless driving; and
>
> § 545.362    Failure to control speed.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

October 10, 2016

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith Page 3 of 7

3

each of which constitutes negligence *per se* and gross negligence.

5.04    Defendant, SPEED also violated the Texas Penal Code § 49.04 Driving While
Intoxicated, which constitutes negligence *per se* and gross negligence.

5.05    Defendant, SPEED was driving recklessly and while intoxicated. When viewed
objectively from the Defendant's standpoint at the time of the occurrence in question, involved
an extreme degree of risk, considering the probability and magnitude of the potential harm to
others. Furthermore, SPEED had actual, subjective awareness of the risk but proceeded with
conscious indifference of the rights, safety, or welfare of others.

5.06    Plaintiff would show that each and all of the foregoing acts or omissions constituted
negligence, gross negligence, and/or negligence *per se* on the part of Defendant and were either
singularly or collectively a direct and proximate cause of the occurrence in question.

## VI.
## SECOND CAUSE OF ACTION:
## NEGLIGENCE & NEGLIGENCE PER SE OF PURCHASING & PARTS SERVICES, INC.

6.01    Plaintiff incorporates sections I-V above.

6.02    At the time and on the occasion in question, Defendant, PURCHASING & PARTS, owned
and maintained the vehicles operated by Defendant, SPEED, and was the employer of Defendant,
SPEED. PURCHASING & PARTS, had a duty to properly train and supervise its employees,
such as SPEED in the operation of its vehicles. Defendant, PURCHASING & PARTS, was
negligent and proximately caused the occurrence in question in the following respects:

    a.    Failing to properly train and supervise SPEED; and

    b.    Failing to hire competent drivers;

6.03    Plaintiff would show that each and all of the foregoing acts or omissions constituted
negligence and/or negligence *per se* on the part of Defendant and were either singularly or
collectively a direct and proximate cause of the occurrence in question.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

October 10, 2016

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith Page 4 of 7

VII.
## WRONGFUL DEATH AND SURVIVOR CLAIMS

7.01    Plaintiff brings suit under the provisions of § 71.001 et. seq. of the Civil Practice and Remedies Code of the State of Texas, commonly known as the Wrongful Death Act and Survival action.

7.02    The injuries RODNEY MANUEL sustained as a result of the incident in question were a contributing cause to his death.  RODNEY MANUEL died intestate survived by three children: Priscilla Strange, Ramona Manuel, and Rodney Manuel, Jr.

VIII.
## DAMAGES

8.01    Plaintiff would show that as a result of the Defendants' negligence as described above, Plaintiff sustained serious and permanent personal injuries, which contributed to his death.  As a result, RODNEY MANUEL, has suffered the following damages:

      (a)    Severe physical pain and suffering and mental anguish in the past;

      (b)    Lost wages and earning capacity in the past;

      (c)    Medical care expenses in the past;

      (d)    Derivative medical expenses in the past;

      (e)    Physical impairment in the past; and

      (f)    Disfigurement in the past.

8.02    The surviving children of RODNEY MANUEL suffered damages in the past and will suffer damages in the future as follows:

      (a)    Loss of support, advice and counsel;

      (b)    Loss of companionship and society;

      (c)    Mental anguish, grief, and sorrow;

      (d)    Loss of addition to the estate; and


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office


October 10, 2016

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS


Jamie Smith Page 5 of 7

5

(e)    Funeral and burial expenses.

8.03    Plaintiff is entitled to exemplary damages because of the actions of SPEED, when viewed objectively from the Defendant's standpoint at the time of the occurrence in question, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, SPEED had actual, subjective awareness of the risk but proceeded with conscious indifference of the rights, safety, or welfare of others.

8.04    The exact amount of Plaintiff's damages are unknown.  Based on the information currently available to Plaintiff, Plaintiff believes the damages exceed $200,000 but are less than one million dollars including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees. Plaintiff reserves the right to decrease or increase this amount as further information becomes available.

## IX.
## PREJUDGMENT INTEREST

9.01    Plaintiff further seeks recovery of pre-judgment interest on his damages as allowed by the Texas Civil Remedies and Practice Code and prays that upon entry of judgment that such pre-judgment interest be computed on all allowable damages.

## X.
## REQUEST FOR DISCLOSURE

10.01   Under the authority of the Texas Rules of Civil Procedure 194, Plaintiff requests that the Defendants disclose, within 50 days for the service of this request, the information or material described in Rule 194.2(a)-(l).

## XI.
## PRAYER

11.01   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be duly cited to appear and answer herein; and that upon a final trial of this cause, Plaintiff recover:



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

October 10, 2016

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith Page 6 of 7

a.    Judgment against Defendants for Plaintiff's damages as set forth above, in an amount within the minimum jurisdictional limits of the Court;

b.    Interest on said judgment at the legal rate from date of judgment;

c.    Prejudgment and post-judgment interest as allowed by law;

d.    Costs of court including expert fees; and

f.    Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

By: */s/ Joe Muckleroy*

CLINT BRASHER
Texas Bar No. 24009915
JOE MUCKLEROY
Texas Bar No. 24065801
P.O. Box 2237
Beaumont, Texas  77704
(409) 832-3737 Telephone
(409) 832-3838 Fax

*Attorney for Plaintiff*

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.

*/s/ Joe Muckleroy*
JOE MUCKLEROY



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

October 10, 2016

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith Page 7 of 7

7



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Certified Document Number: 1676291 Total Pages: 7

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail districtclerk@co.jefferson.tx.us**